Raed Gonzalez, Esq.
GONZALEZ OLIVIERI, LLC
2200 Southwest Freeway, Suite 120
Houston, Texas 77098
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CLAUDIA MARIA CASTRO § § § *Plaintiff*, § § v. § § ALEJANDRO MAYORKAS, Secretary of § the Department of Homeland Security; § TRACY RENAUD, Acting Director of the § U.S. Citizenship and Immigration Services; § WALLACE CARROLL, Houston Field § Office Director of the U.S. Citizenship and § Immigration Services § § *Defendants*. § | Case No. 4:21-cv-1270 Date: April 16, 2021 |

### PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Claudia Maria Castro, by and through undersigned counsel, respectfully requests that this Honorable Court issue an order—pursuant to the Administrative Procedure Act ("APA"), Title 5 United States Code ("U.S.C.") §§ 555(b), 706(1), 706(2)(A), 706(2)(C), 706(2)(D)—recognizing that the U.S. Citizenship and Immigration Services ("USCIS" or "the Service"), a federal agency within the Department of Homeland Security ("DHS"), acted arbitrarily, capriciously, and erred as a matter of law when it denied her Form I-485, Application to Register Permanent Residence or to Adjust Status, which Plaintiff filed on November 23, 2015. *See* Exhibit 1—USCIS Decision (May 24, 2017).

Plaintiff seeks *de novo* review of the Service's final agency decision; a declaratory judgement that the USCIS acted arbitrarily, capriciously, and not in accordance with the law when it denied Plaintiff's Form I-485 on the basis that her evidence of record failed to establish her admission into the United States for purposes of adjustment of status under Title 8 of the United States Code ("U.S.C.") § 1255(a); and relief under the APA to compel the Service to reopen and adjudicate her Form I-485 by applying the proper legal standard required under the controlling authorities citied herein.

This complaint is being filed against the following Defendants: Alejandro Mayorkas, in his official capacity as Secretary of the DHS; Tracy Renaud, in her

official capacity as the Acting Director of the USCIS; and Wallace Carroll, in his official capacity as the USCIS Houston Field Office Director.

## I. INTRODUCTION

1. An alien may adjust her status to that of a lawful permanent resident if she meets certain requirements noted infra. *See* 8 U.S.C. § 1255(a). Plaintiff in this case maintains that she is eligible for adjustment of status because she meets all of these requirements.

2. As such, Plaintiff submits that the decision of the USCIS, finding that she is statutorily ineligible for adjustment of status, runs contrary to the facts of her case and is contrary to controlling law. As such, said decision is arbitrary, capricious, an abuse of discretion, and is not in accordance with the law. Relief under the APA is, therefore, the proper remedy.

3. Plaintiff seeks an order from this Court finding that the final agency decision rendered by the Service to deny her adjustment application—on the grounds that Plaintiff purportedly failed to establish that she was admitted to the United States—was arbitrary and capricious, an abuse of discretion, and otherwise, not in accordance with the law.

4. Additionally, Plaintiff seeks an order from this Court compelling the USCIS to reopen and adjudicate her adjustment application by properly applying controlling law to the clear facts of this matter.

5. Plaintiff has exhausted her remedies in this case and is not required to do anything further. Therefore, Plaintiff has no other avenues for relief and can only bring this suit under the APA before this Court. *See Darby v. Cisneros*, 509 U.S. 137, 147 (1993); *see also* 5 U.S.C. § 704.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(a)(2) because the matter arises out of the laws of the United States, and the United States is a Defendant.

7. Further, this Court has jurisdiction under the APA because Plaintiff, herein, has suffered a legal wrong due to arbitrary and capricious misapplication of the law by a U.S. government agency, and she has been adversely affected and aggrieved by said inaction, for which there is no adequate remedy. 5 U.S.C. §§ 702, 704; *see also*, *Texas v. United States*, 809 F.3d 134, 163 (5th Cir. 2015) (noting there "is a well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action.").

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because Plaintiff's Form I-485 was denied by the USCIS' field office in Houston, Texas.

## III. PARTIES

9. Plaintiff (A# 207-883-714) is a citizen of Mexico who resides at: 11514

Columbia Pines Ln, Cypress, Texas 77433.

10. Alejandro Mayorkas is the Secretary of the DHS under which the USCIS operates. In this role, he is generally charged with enforcement of the Immigration and Nationality Act ("INA"), including adjudications of the Form I-485 which was filed by Plaintiff in 2015. *See* Exhibit 1, *supra*. He is further authorized to delegate such powers and authority to subordinate employees of the DHS, pursuant to 8 U.S.C. § 1103(a) and has, specifically, delegated his authority to adjudicate Form I-485 applications to the USCIS. He is sued in his official capacity and may be served at: 2707 Martin Luther King Jr. Ave. SE, Washington, D.C. 20528-0485.

11. Defendant, Tracy Renaud, is the Acting Director of the USCIS and is the official generally charged with supervisory authority over all operations of the USCIS with certain specific exceptions not relevant under the facts asserted herein. *See* 8 C.F.R. § 103.1(g)(2)(ii)(B). The USCIS is the agency charged with the duty to adjudicate petitions to adjust immigration status, such as the Form I-485 which was filed by Plaintiff in 2015 and which is the subject of this Complaint. *See* Exhibit 1, *supra*. She is sued in her official capacity and may be served at: 20 Massachusetts Avenue, NW, Washington, D.C. 20529.

12. Defendant, Wallace L. Carroll, is the USCIS Houston Field Office Director.

Pursuant to 8 C.F.R. § 310.2, he has been delegated authority to control all USCIS activities within the Houston District, including the authority to adjudicate the Form I-485 which was filed by Plaintiff in 2015 and which is the subject of this Complaint. *See* Exhibit 1, *supra*. He is sued in his official capacity and he may be served at: 20 Massachusetts Ave., Room 4210, Washington D.C. 20529.

## IV.  STATUTORY AND LEGAL BACKGROUND

13. Pursuant to 8 U.S.C. § 1255(a), an alien may adjust her status to that of a lawful permanent resident, provided that: (1) the alien was inspected and admitted or paroled into the U.S.; (2) the alien files a Form I-485 application for adjustment of status; (3) the alien is eligible to receive an immigrant visa and a visa is immediately available to the alien when the application is filed; and (4) the alien is admissible to the U.S.

14. The Immigration and Nationality Act ("INA"), as amended by the Illegal Immigration and Immigrant Reform Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), defines the terms "admission" and "admitted," with respect to an alien, as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *See* 8 U.S.C. § 1101(a)(13)(A).

15. The Board of Immigration Appeals ("BIA" or "the Board"), has determined

that an alien who physically presents herself for inspection, makes no false claim to U.S. citizenship, and is subsequently permitted to enter the U.S., has been inspected and admitted, even if the inspecting officer asks no questions of her. *See Matter of Areguillin*, 17 I&N Dec. 308 (BIA 1980) (finding that an alien who physically presents herself for questioning and makes no knowing false claim to citizenship has satisfied the "inspection and admission" requirement of 8 U.S.C. § 1255(a)).

16. It is not uncommon for an alien to be "waved through" inspection at a port of entry, such that the alien is allowed to enter the U.S. without being asked any questions by an inspecting officer, as has been recognized in testimony from the Government Accountability Office ("GAO") before the U.S. House of Representative's Committee on Homeland Security. *See* Exhibit 2—GAO Testimony before the Committee on Homeland Security, House of Representatives.

17. Indeed, the alien in *Matter of Areguillin*, *supra* testified that she was a passenger in a car when she crossed into the U.S., and that at the time she arrived in the United States, she had no entry documents, was not questioned about her immigration status, and volunteered no information to the U.S. immigration authorities. *See Matter of Areguillin*, 17 I&N Dec. at 309.

18. Instead, after questioning only the driver of the vehicle transporting Ms.

Areguillin, the inspecting immigration agent allowed the car to enter the U.S. *Id*. Ms. Areguillin later married a U.S. citizen, and the issue in her subsequent deportation proceeding was whether her entry constituted an "admission" for purposes of adjustment of status, pursuant to 8 U.S.C. § 1255(a). *Id*.

19. As noted previously, in *Matter of Areguillin*, the Board held that an alien is considered "inspected" when she physically presents herself for questioning and makes no false claim to U.S. citizenship, even if she volunteers no information and is asked no questions regarding her authorization to enter the U.S. *Id*. at 310.

20. The BIA also concluded that an alien satisfies the "admission" requirement, for purposes of adjustment of status, when an officer communicates to her that she is not inadmissible, with such communication constituting either a verbal affirmation, or a physical gesture, such as an officer permitting the alien to enter the U.S. via a waive through. *Id*.

21. An alien's testimony, if deemed credible by the agency, may be sufficient to establish that she had been inspected and admitted for purposes of adjustment of status, after being waived through at the border to the United States by a U.S. immigration official. *Id*.

22. The Board has subsequently reaffirmed its precedent in *Matter of Areguillin*, *supra*. *See Matter of Quilantan*, 25 I&N Dec. 285 (BIA 2010) (reaffirming

*Matter of Areguillin* and recognizing that the statutory requirement of a "lawful entry" for adjustment of status purposes, requires only that the entry is procedurally regular, rather than substantively lawful).

23. Moreover, U.S. Circuit Courts of Appeal have similarly upheld the BIA's interpretation that the terms "admitted" and "admission" require only procedural—not substantive—compliance. *See*, *e.g.*, *Emokah v. Mukasey*, 523 F.3d 110, 118 (2d Cir. 2008); *Martinez v. Attorney General*, 693 F.3d 408, 409, 415 (3d Cir. 2012); *Borrego v. Mukasey*, 539 F.3d 689, 693 (7th Cir. 2008).

24. In the case at bar, when the USCIS denied Plaintiff's Form I-485, it properly recognized that there is no appellate remedy for Plaintiff to pursue. *See* Exhibit 1, *supra*. Instead, Plaintiff's only option to challenge the denial of her Form I-485, was to timely file a Form I-290B, Motion to Reopen and Reconsider. *Id*.

25. Plaintiff timely filed a Form I-290; however, on August 15, 2018, the Service subsequently affirmed its previous denial. *See* Exhibit 3—USCIS Decision (Aug. 15, 2018). As such, said decision would be considered the final agency action in the case. Therefore, no administrative remedies would be left available to Petitioner and the only option is to judicially assert a violation under the APA. *See* 5 U.S.C. §§ 702, 704.

26. The APA provides that the person who suffers a legal wrong due to an agency's inaction or is "adversely affected or aggrieved by an agency action," is entitled to judicial review. *See* 5 U.S.C. §§ 702, 704.

27. "Agency action" is defined to include the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act*. *See* 5 U.S.C. § 551(13).

28. The reviewing court is authorized to compel agency action that has been unlawfully withheld or unreasonably delayed. *See* 5 U.S.C. § 706(1).

## V. FACTUAL BACKGROUND

29. Effective March 1, 2003, the DHS assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of DHS is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." *See* 8 C.F.R. § 2.1(a).

30. The USCIS is a bureau within the DHS and it has delegated supervisory authority over all operations by the Secretary of DHS. *See* 8 C.F.R. § 2.1.

31. The Service has the jurisdiction to adjudicate an adjustment of status application unless the immigration judge has jurisdiction. *See* 8 C.F.R. §§ 245.2(a)(1), 1245.2(a)(1).

32. The immigration judge has exclusive jurisdiction to adjudicate any

application for adjustment of status if the alien is in removal or deportation proceedings (other than an "arriving alien"). *See* 8 C.F.R. § 1245.2(a)(1).

33. The USCIS' Houston Field Office is an agency within the DHS and has been delegated supervisory authority over all operations by the Secretary of the DHS. *See* 8 C.F.R. § 2.1. The USCIS Houston Field Office is the official agency with jurisdiction over Plaintiff's Form I-485. *See* Exhibit 1, *supra*.

34. As noted previously, Plaintiff is a native and citizen of Mexico, and she is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her U.S. citizen daughter, Vana G. Abbot. *See* Exhibit 4—Form I-130 Approval Notice.

35. Plaintiff properly filed a Form I-485 application for adjustment of status with the Service, and she is admissible to the U.S. *See* Exhibit 1, *supra*; *see also* Exhibit 5—Form I-485.

36. Finally, Plaintiff provided the USCIS with her sworn statement—as well as the sworn statement of her mother—attesting to the fact that Plaintiff was waived into the U.S. by immigration officials at the U.S.-Mexico border on November 30, 2008, after she did not make any misrepresentations about her immigration status, and was not asked to provide documentation establishing her authorization to enter the U.S. *See* Exhibit 6—Affidavit of Claudia Maria Castro; *see also* Exhibit 7—Affidavit of Concepcion Perez.

37. As such, pursuant to the BIA's precedent in *Matter of Areguillin*, *supra*, and *Matter of Quilantan*, *supra*, Plaintiff established her eligibility to adjust her status under 8 U.S.C. § 1255(a). Despite this reality, the Service subsequently denied her Form I-485 after concluding that Plaintiff failed to establish she was inspected and admitted or paroled into the U.S. *See* Exhibits 1 and 3, *supra*. As indicated in the USCIS' decision, the denial of Plaintiff's Form I-485 cannot be appealed. *Id*. The only way to challenge said denial is via the filing of a Form I-290B, which Plaintiff did, resulting in the Service affirming its previous denial. *Id*.

38. Additionally, after receiving said denial, on February 11, 2021, Plaintiff, through counsel, requested that the USCIS issue her a Notice to Appear ("NTA")—in accordance with its authority under 8 U.S.C. §§ 1103(a), 1229, and 8 C.F.R. §§ 2.1, 239.1—in order to commence removal proceedings before an immigration judge so that the Service's denial of her Form I-485 could be reviewed. *See* Exhibit 9—Plaintiff's Request to File Initial NTA. To date, the USCIS has declined to issue Plaintiff an NTA, thus depriving her of any review before the immigration court.

39. Given the Service's denial—and subsequent refusal to issue her an NTA—Plaintiff has no other avenues for relief. Accordingly, she now files the present action requesting that this Court compel the USCIS to reopen and re-

adjudicate her Form I-485, based on the proper application of the relevant legal standard to the facts of this matter.

## VI. CLAIMS FOR RELIEF

40. Plaintiff incorporates by reference the allegations in paragraphs 1-39.

41. Plaintiff contends that under the APA, the Service's denial of her Form I-485, and subsequent denial of her motion to reopen and reconsider was "arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law." *See* 5 U.S.C. § 706(2)(A); *see also* Exhibits 1 and 3, *supra*.

42. The U.S. Supreme Court has held that an agency's actions may be considered arbitrary, capricious, or an abuse of discretion if said actions inexplicably depart from the agency's own course of adjudication, regulations, or policies. *See INS v. Yang*, 519 U.S. 26, 32 (1996) ("Though an agency's discretion is unfettered at the outset, if it announces and follows—by rule or by settled course of adjudication—a general policy by which its exercise of discretion will be governed, an irrational departure from that policy (as opposed to an avowed alteration of it) could constitute action that must be overturned as 'arbitrary, capricious, [or] an abuse of discretion.'").

43. In this case, the USCIS irrationally departed from its own regulations and erred as a matter of law by finding that Plaintiff is ineligible for adjustment of status on the basis that she purportedly failed to show she has been admitted

into the U.S., in accordance with the BIA's precedent in *Matter of Areguillin*, *supra*, and *Matter of Quilantan*, *supra*. *See* Exhibits 1 and 3, *supra*.

44. As noted previously, these authorities establish that an alien's credible testimony can suffice to establish that she meets the "admission" requirement necessary for purposes of adjustment of status, where an immigration official waives said alien through at the U.S. border. *See Matter of Areguillin*, 17 I&N Dec. at 309-10; *see also Matter of Quilantan*, 25 I&N Dec. at 285.

45. In the case at bar, as noted above, Plaintiff submitted her sworn statement, as well as the sworn statement of her mother, both similarly attesting to the fact that Plaintiff was waived into the U.S. by immigration officials at the border with Mexico, on November 30, 2008. *See* Exhibits 6-7, *supra*.

46. Said statements further establish that during this waive through, Plaintiff did not make any misrepresentations about her immigration status, and was not asked to provide documentation establishing her authorization to enter the U.S. *Id.*

47. Accordingly, under the BIA's longstanding precedent in *Matter of Areguillin*, *supra*, and *Matter of Quilantan*, *supra*, Plaintiff clearly established that she was admitted to the U.S. with procedural regularity such that she qualifies for adjustment of status under 8 U.S.C. § 1255(a).

48. Despite this evidentiary and precedential reality, the USCIS denied Plaintiff's

Form I-485, and her subsequent Form I-290B, after concluding that the sworn statements she proffered to the agency did not constitute "original affidavits from third parties having knowledge of the facts," with the Service further noting that Plaintiff failed to produce the documents—which she never provided to immigration officials at the time of her entry—as proof of her admission in 2008. *See* Exhibits 1-2, *supra*.

49. Accordingly, Plaintiff respectfully maintains that the decision rendered by the USCIS in this matter, was arbitrarily, capriciously, and was erroneous as a matter of law, since the agency clearly departed from the Board's controlling precedent in *Matter of Areguillin*, *supra*, and *Matter of Quilantan*, *supra* when the Service denied her Form I-485.

50. In sum, given the law and evidence presented herein, Plaintiff maintains that judicial review under the APA is proper in this case.

## VII. EXHAUSTION

51. Plaintiff incorporates by reference the allegations in paragraphs 1-50.

52. As noted previously, Plaintiff is not required to exhaust her administrative remedies with respect to the denial of her Form I-485 and her Form I-290B because she is contesting a "final" agency action that is subject to judicial review under the APA.

53. The language of 5 U.S.C. § 704 states that an agency action is "final" without

regard to whether an alien seeks reconsideration or appeal to a higher agency authority, *unless* there is a statute or regulation that requires the alien to file an appeal and the agency action is inoperative during the appeal.

54. In this case, Plaintiff filed her Form I-485, and once it was denied, she timely filed a Form I-290B. *See* Exhibits 1 and 3, *supra*. Therefore, when the USCIS issued its decision to deny Plaintiff's Form I-485, and her subsequent motion to reopen, said denial constituted a "final" agency action for purposes of the APA. *See Darby*, 509 U.S. at 137. As such, there is no judicially-imposed exhaustion requirement and judicial review is proper before this Court.

55. Despite this reality, on February 11, 2021, Plaintiff also requested that the Service issue her an NTA, thus placing her in removal proceedings before the immigration court, so that an immigration judge could consider her eligibility for adjustment of status. *See* Exhibit 9, *supra*.

56. Once again, to this day, the USCIS has declined to exercise its authority under 8 U.S.C. §§ 1103(a), 1229, and 8 C.F.R. §§ 2.1, 239.1 to issue Plaintiff an NTA. Accordingly, Plaintiff clearly has no other avenues of relief other than her APA claim before this Court.

## VIII. CONCLUSION

57. For the aforementioned reasons, Plaintiff respectfully maintains that the Service's decision to deny her Form I-485 was arbitrary, capricious, an abuse

of discretion, and not in accordance with the law. *See* 8 U.S.C. § 706(2)(A)-(B). Judicial review by this Court is, therefore, warranted under the APA.

## IX. PRAYER FOR RELIEF

58. Wherefore, Plaintiff respectfully requests that this Court:

    a. accept jurisdiction and venue as proper;

    b. issue a declaratory judgment that the Service's denial of Plaintiff's Form I-485 was arbitrary, capricious, an abuse of discretion, and not in accordance with the law;

    c. issue an order under the APA to compel the USCIS to reopen and adjudicate Plaintiff's Form I-485 in accordance with the Board's controlling precedent in *Matter of Areguillin*, *supra*, and *Matter of Quilantan*, *supra*;

    d. grant reasonable attorney's fees, expenses, and costs of court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

    e. grant Plaintiff all other relief as the Court may deem just and proper.

    Respectfully submitted,

    GONZALEZ OLIVIERI, LLC

    */s/ Raed Gonzalez*
    _____
    Raed Gonzalez, Esq.
    Attorney for Plaintiff
    Texas Bar No. 24010063
    2200 Southwest Freeway, Suite 120
    Houston, Texas 77098
    Phone: (713) 481-3040,
    Fax: (713)588-8683
    rgonzalez@gonzalezolivierillc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CLAUDIA MARIA CASTRO<br><br>*Plaintiff*,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security; TRACY RENAUD, Acting Director of the U.S. Citizenship and Immigration Services; WALLACE CARROLL, Houston Field Office Director of the U.S. Citizenship and Immigration Services<br><br>*Defendants*. | Case No. 4:21-cv-1270<br><br>Date: April 16, 2021 |

## INDEX OF EXHIBITS

Exhibit 1—USCIS Decision (May 24, 2017)

Exhibit 2—GAO Testimony before the Committee on Homeland Security, House of Representatives

Exhibit 3—USCIS Decision (Aug. 15, 2018)

Exhibit 4—Form I-130 Approval Notice

Exhibit 5—Form I-485

Exhibit 6—Affidavit of Claudia Maria Castro

Exhibit 7—Affidavit of Concepcion Perez

Exhibit 8—Plaintiff's Request to File Initial NTA